JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| EUGENE EDWARD MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. GINN, et al.,<br><br>　　　　　Defendants. | No. ED CV 18-333-SVW (PLA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO NOTIFY THE COURT OF CHANGE OF ADDRESS** |

**I.**

**BACKGROUND**

On February 14, 2018, plaintiff, proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in which he alleged that, while he was incarcerated at the San Bernardino County Sheriff Department's West Valley Detention Center, his constitutional rights were violated when he was denied a diet that complied with certain medical and religious restrictions. (ECF No. 1). After plaintiff was given several opportunities to amend his Complaint to correct various deficiencies, he filed the operative Third Amended Complaint ("TAC") on November 15, 2019. (See ECF Nos. 31, 61, 62). The TAC named as defendants Nurse B. Ginn in her individual capacity and the San Bernardino County Sheriff's Department ("SBCSD"). (ECF No. 62 at 1-2).

After screening the TAC pursuant to 28 U.S.C. § 1915(e)(2),[1] the Magistrate Judge issued a Report and Recommendation ("R&R") on December 16, 2019, recommending that the TAC be dismissed without leave to amend and with prejudice for failure to state a claim upon which relief can be granted as to defendants Nurse Ginn and the SBCSD.  (ECF No. 65).

The R&R was mailed to plaintiff's address of record at the California Correctional Center in Susanville, California, but was returned to the Court as undeliverable, and with additional notations that plaintiff was "Discharged" and "not here."  (ECF Nos. 66, 67).  Subsequently, although plaintiff had not informed the Court that he had a new address, the Magistrate Judge in an abundance of caution issued an order on January 9, 2020, directing the Court clerk to mail the R&R to plaintiff at the address set forth in the caption of the TAC, which was different than his address of record:  "Antelope Camp #25, P.O. Box 270160, Susanville, CA 96127."  (ECF No. 68).  The Magistrate Judge noted that the California Department of Corrections and Rehabilitation's inmate locator website reflected that plaintiff was no longer incarcerated, and reminded plaintiff that during the pendency of this action, he was required to notify the Court of any address change, and that the failure to do so may result in the dismissal of this action for failure to prosecute.[2]  (Id.).  The R&R sent to the Antelope Camp address was returned to the Court as undeliverable, with a notation that plaintiff was "not @ CCC."  (ECF Nos. 70-71).  The R&R was then sent again to plaintiff's address of record, and again was returned to the Court as undeliverable with the notation that plaintiff was "not @ CCC."  (ECF No. 72).

On June 9, 2020, the Court issued an Order Accepting in Part Report and Recommendation by Magistrate Judge Abrams.  (ECF No. 75).  In the Order Accepting, the Court dismissed with prejudice the claims against the SBCSD, but found that plaintiff adequately alleged constitutional violations against defendant Nurse Ginn based on inadequate medical care.  The

---

[1] Plaintiff was granted leave to proceed in this action without prepayment of the filing fee. (ECF No. 4).

[2] Plaintiff has been repeatedly advised of the requirement to notify the Court immediately of any address change, and that the failure to do so may result in the dismissal of the action for failure to prosecute.  (See ECF No. 5 at 2; ECF No. 7 at 1).

1 Court additionally noted that in recent months, mail sent to plaintiff by the Court had been returned
2 as undelivered, and ordered defendant's counsel to make inquiries regarding plaintiff's whereabouts,
3 and to file a status report as to this issue. (Id. at 5).
4   On June 18, 2020, defendant filed the requested status report, stating that, according to
5 information provided by a California parole agent, plaintiff was released from the San Bernardino
6 County Jail on January 14, 2020, with instructions to report to the San Bernardino Parole Office.
7 Plaintiff failed to report as instructed, and has had no contact with the Parole Office as of the date the
8 status report was filed. Although the Parole Office was attempting to find plaintiff, his whereabouts
9 were unknown at that time. (ECF No. 77).
10   Also on June 18, 2020, defendant Nurse Ginn filed a Motion to Dismiss for Plaintiff's Failure
11 to Prosecute, arguing that the TAC should be dismissed because plaintiff had abandoned his case
12 to defendant's prejudice. (ECF No. 78). On June 22, 2020, the Magistrate Judge issued an order
13 setting July 13, 2020, as the deadline for plaintiff to file an opposition. The hearing on the motion was
14 also ordered off calendar. (ECF No. 79). On July 7, 2020, a copy of the Magistrate Judge's order
15 (ECF No. 79) that was mailed to plaintiff at his address of record was returned to the Court with the
16 notation that plaintiff was "Out of Custody." (ECF No. 80).
17   On July 13, 2020, a copy of the June 9, 2020, Order Accepting that was mailed to plaintiff at
18 his address of record was returned to the Court with the notations that plaintiff was "paroled" and "Not
19 @ CCC." (ECF No. 81).
20   To date, plaintiff has not filed an opposition to the pending Motion to Dismiss, and the deadline
21 for doing so has passed.
22
23                                                    **II.**
24                                            **DISCUSSION**
25   As set forth below, the Court finds that dismissal of the Complaint is appropriate based on
26 plaintiff's failure to notify the Court of his change of address, and for failure to prosecute.
27 /
28 /

**A.     FAILURE TO INFORM THE COURT OF ADDRESS CHANGE**

Plaintiff's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Since at least the time that the Magistrate Judge issued the R&R on December 16, 2019, plaintiff has not apprised the Court of a new address. Indeed, he has not had any contact with the Court since he filed the TAC on November 15, 2019. Accordingly, this action is subject to dismissal for failure to comply with Local Rule 41-6.

**B.     FAILURE TO PROSECUTE**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In this case, plaintiff's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1438 (9th Cir. 1988). There, in affirming the district court's dismissal of an action for failure to prosecute based on the fact that the court's mail to plaintiff was returned to the court as undeliverable, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

The Carey court cited the following factors as relevant to a district court's determination of whether dismissal of a *pro se* plaintiff's action is warranted for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to keep the Court informed of his current address, or to otherwise communicate with the Court at any time after filing the TAC in November 2019, significantly hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendant -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is plaintiff's responsibility, however, to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to keep the Court informed of his current address, or to otherwise communicate with the Court since filing the TAC in November 2019, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders.

Finally, mail sent by the Court to plaintiff since December 2019 has been returned as undeliverable, and there is indication on the returned envelopes that plaintiff has been released on parole. Moreover, defendant's status report states that plaintiff was released on parole but that he failed to report to the Parole Office, and his whereabouts are unknown. (ECF No. 77). Plaintiff has not informed the Court of his current address and has not otherwise communicated with the Court since November 2019. As in Carey, the Court is unable to contact plaintiff "to threaten him with some lesser sanction." Carey, 856 F.2d at 1441 (noting that an order to show cause why dismissal was not warranted or an order imposing sanctions "would only find itself taking a round trip tour through the United States Mail"). As discussed above, it is plaintiff's burden to keep the Court apprised of any

changes in his mailing address to enable the Court to communicate with him when necessary. Id. Plaintiff has not met this burden. Thus, the fifth factor weighs in favor of dismissal.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, "the local rule itself provided notice" that the action was subject to dismissal for failure to keep the Court informed of any address change. Carey, 856 F.2d at 1441; see also Local Rule 41-6. Moreover, after initiating this action on February 14, 2018, plaintiff was informed in the Magistrate Judge's February 22, 2018, Order Re: Civil Rights Case about the necessity to provide notice of any address change, and that any failure to comply with a Court order where plaintiff did not receive the order due to failure to inform the Court of plaintiff's current address may result in dismissal of the action for failure to prosecute. (ECF No. 5 at 2). Subsequently, on March 8, 2018, the Magistrate Judge issued an Order Re: Plaintiff's Mailing Address and Service of Complaint, in which plaintiff was ordered to provide the Court his current mailing address, and was warned that the failure to do so may result in dismissal for failure to prosecute. (ECF No. 7 at 1). Accordingly, the Court finds that plaintiff has been adequately notified regarding the risk of dismissal for failure to prosecute.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute, and failure to apprise the Court of a change of address in violation of Local Rule 41-6.

DATED: \_\_\_\_August 26\_\_\_\_, 2020          _____
                                                                                        HONORABLE STEPHEN V. WILSON
                                                                                        UNITED STATES DISTRICT JUDGE